UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VORCELIA OLIPHANT,
    Plaintiff,

v.

ROBERT VILLANO, et al.,
    Defendants.

NO. 3:07cv1435 (SRU)

## RULING ON PLAINTIFF'S MOTIONS

Plaintiff Vorcelia Oliphant brings this action *pro se*. Familiarity with the parties and facts is presumed. Oliphant filed a motion for relief from judgment (**doc. # 102**) on September 24, 2009 (hereinafter, "reconsideration motion") and a motion for relief from the scheduling order (**doc. # 107**) on November 16, 2009. Oliphant's reconsideration motion seeks relief, under Rules 60(b) and 59(d)-(e) of the Federal Rules of Civil Procedure, from my rulings denying her motion to file a supplemental complaint and granting defendants' partial motions to dismiss. The motion for relief from the scheduling order is premised on Rules 60(a) and 59(e) and asserts a violation of Rule 26(g). Oliphant has two other motions pending: a motion for contempt and sanctions (**doc. # 99**), and a motion for a more definite statement (**doc. # 104**). For the reasons described below, Oliphant's motions are **DENIED**.

**I.    Doc. # 104**

Oliphant's motion for a more definite statement (doc. # 104) asks that the defendants be required to clarify their objection to her motion for sanctions (doc. # 99), discussed below. She claims their objections are non-responsive and "side-step" the issues she raised. In substance, her motion articulates again the basis for her motion for sanctions and argues that discovery materials should be produced. Her motion shows she disagrees with the defendants' argument

and characterization of the issues, and articulates her belief that it was filed in bad faith, but the motion does not indicate that the defendants' objection is so vague that Oliphant cannot properly respond to it or that the court cannot rule on the issue the objection addresses. Moreover, motions for a more definite statement are typically filed in response to complaints, not to objections to motions. For both those reasons, the motion (**doc. # 104**) is **DENIED**.

## II.     Doc. # 99

Oliphant's "renewed motion and notice for contempt and sanctions" (doc. # 99) alleges that the defendants have refused "to release communications that are in their control." (*Id.* at 1.) Oliphant cites two conference memoranda issued by the court (docs. ## 68, 88) as ordering the defendants to release 911 calls in their possession. Although at the time of the first memorandum (doc. # 68) I withheld judgment on Oliphant's motion to compel and for contempt and sanctions, at the time of the second memorandum (doc. # 88), I granted in part and denied in part those motions. The relief I granted Oliphant was that the Hamden defendants[1] would produce a list of calls to the Hamden Police Department on specified dates, and would provide the following details: originating number, date, and time. Hamden produced a document (doc. # 99-2, at 16) entitled "Case Incident Report" that Oliphant alleges is unresponsive to the discovery order.

Oliphant alleges she has "clear and convincing" evidence proving that the Hamden defendants are withholding information from her, either because the produced document is false or unresponsive in that it fails to reflect the reality of what phone calls were placed. Oliphant

---

[1] Oliphant indicated during the June 24, 2009 telephone conference that she was satisfied with discovery produced by the New Haven defendants and did not seek relief regarding those defendants.

proffers the following evidence: (1) an unverified document she asserts is a transcript of Hamden Central Communications and Headquarters Desk phone lines, labeled IA Case No. 06-32 and dated 9/27/06 (doc. # 99-2, at 5-11); (2) her own email to Attorney Karsten, dated July 15, 2009, providing the phone number for a Cathy Williams (*id.* at 41, labeled Ex. K); and (3) sworn testimony from Cathy Williams acknowledging her phone number and that she placed a 911 call on one of the dates in question (*id.* at 37-39, 42-52, labeled Ex. J). Oliphant states that this evidence proves the defendants have omitted from the discovery items produced to her the communications placed by Cathy Williams. Oliphant states that her request for 911 tapes is not broad or overreaching. She requests compensatory and punitive damages because of the Hamden defendants' actions, either in delaying the discovery or on the basis of the underlying actions alleged.

Hamden produced three documents, which are appended to Oliphant's motion: (1) a "Case Incident Report" (doc. # 99-2, at 16, labeled Ex. D); (2) a memo provided by Sargent P. Scarcella to Chief Wydra, dated May 29, 2009 (*id.* at 17, labeled D-2); and (3) a document labeled Exhibit H that lists phone numbers, dates and times in columns, and which appears to be a list of phone calls (*id.* at 25-33).

Following the filing of Oliphant's motion, I held a telephone conference with the parties on January 4, 2010. In the course of that conference, "I ordered the Hamden defendants to provide Oliphant with an affidavit from a responsible officer setting forth the details of the defendants' internal search for discovery materials." (Conference Memorandum, doc. # 109.) On March 4, 2010, the Hamden defendants filed a Notice of Compliance (doc. # 116).

It is clear Oliphant disagrees with the defendants' production. (Pl. Renewed Mot. and

Notice for Contempt and Sanctions, doc. # 99, at 2-3.)  In addition to arguing that they have not produced materials she wants, she complains that they have over-produced irrelevant information she does not need.  The latter act is not sanctionable conduct.  Determining whether the former complaint has merit requires a review of the discovery produced.

Oliphant is correct that the first document produced, the "Case Incident Report," with a run date of May 29, 2009, does not appear to be a log of phone calls as much as a list of incidents requiring police response.  (Ex. D, doc. # 99-2, at 16.)  In addition, the memo provided by Sargent P. Scarcella to Chief Wydra, dated May 29, 2009 (ex. D-2, *id.* at 17) is not entirely probative of the discovery order because it is limited to calls on Cherry Ann Street to which the Hamden Police Department responded.  The order to produce, however, was not limited to calls to which the Hamden Police Department responded.  The memo additionally states that there were no 911 calls from 130 Cherry Ann St., New Haven, or from any address on Cherry Ann St. that is in the town of Hamden.  The memo does state, however, that the New Haven Police Department received 911 calls from 130 Cherry Ann St., New Haven.  Oliphant has not sought additional discovery from the New Haven police department.

Two productions of the Hamden defendants are clearly more helpful.  First, Exhibit H (doc. # 99-2 at 25-33) is a list of phone calls and is responsive.  Although it may not have the information Oliphant wishes it had, it is the document I ordered the defendants to produce: a list of calls, originating phone numbers, dates, and times.  It shows the defendants have complied as ordered.

The second responsive production is evidenced by the Notice of Compliance dated March 4, 2010 (doc. # 116).  It shows that on or about February 12, 2010, the Hamden Defendants

provided Oliphant with a sworn affidavit from Sgt. Anthony Diaz regarding the review of Hamden Police Department audiotapes, providing a description of their contents, and describing the procurement of call logs to the Hamden Police Department.  (*Id.* & Ex. 1.)  The affidavit describes that Sgt. Diaz listened to all telephone calls to the Hamden Police Department Central Communications and Front Desk between 9:00 p.m. and 3:00 a.m. each day from September 26, 2006 to October 6, 2006.  Any and all calls involving Anthony Oliphant,[2] Cathy Williams, and the address of 130 Cherry Ann Street in New Haven were transferred to a cassette tape and provided to Ms. Oliphant.  In addition, a call log was procured from AT&T regarding calls to both the Hamden and the New Haven Police Departments.

Thus, because the Hamden defendants have complied fully with the discovery orders, Oliphant's motion (**doc. # 99**) is **DENIED**.

**III.     Doc. # 102**

Oliphant's motion "for relief from judgment" dated September 9, 2009, and filed September 24, 2009 is a motion for reconsideration.  She moves pursuant to Rules 60(b), 59(d) and (e) for relief from my August 24, 2009 ruling (doc. # 98) that denied as moot her motion for leave to file a supplemental complaint (doc. # 90) and granted the defendants' partial motion to dismiss (docs. ## 71, 73).

The order Oliphant seeks to revisit was entered August 24, 2009.  Motions made pursuant to Rule 59 must be filed no later than 10 days after the entry of an order.  Fed. R. Civ. P. 59(d), (e).  Motions made pursuant to Rule 60 must be filed "within a reasonable time," in some cases,

---

[2] Often, when Oliphant justifies her need for the tapes, she invokes alleged violations by Hamden police officers of her brother's rights.  (Doc. # 99 at 6.)  As discussed previously and reiterated below, Oliphant cannot bring a claim on behalf of her brother or to redress his injuries.

not to exceed one year after the entry of the judgment or order. Fed. R. Civ. P. 60(c). Using the rules established in Federal Rule of Civil Procedure 6(a), the last day that Oliphant could have timely filed her motion under Rule 59 was September 3, 2009. Thus, even if Oliphant's Rule 59(d) or (e) motion had been filed at the earliest date indicated, September 9, 2009, it was untimely. I cannot enlarge the time for Oliphant to file a motion under Rule 59(d), (e), or Rule 60(b). Fed. R. Civ. P. 6(b)(2); *see Camacho v. City of Yonkers*, 236 F.3d 112, 114 (2d Cir. 2000). Her motion was timely with respect to Rule 60(b) and I will review it under that rule.

Federal Rule of Civil Procedure 60(b) allows the court to relieve a party from an order if one of the following reasons, among others, is found: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; or (4) any other reason that justifies relief.

Oliphant seeks relief based on evidence she has filed and which she claims the court "overlooked," which she also describes as new evidence that was not known to be available when she replied to the motions to dismiss. The evidence was filed along with a motion for contempt (doc. # 99) that she filed on August 24, 2009, the day of oral argument, and which I discuss above. She also raises mistake, inadvertence or excusable neglect, alleges misconduct by the defendants, and argues that relief is justified. (Pl. Mot. for Relief from Judg., doc. # 102.)

Oliphant appears to complain in a footnote (*id.* at 1 n.1) and in her memorandum (doc. # 102-2 at 5) that the defendants' motions to dismiss (docs. ## 71, 73) were converted to motions for summary judgment at the hearing because the defendants referred to "outside evidence," namely, the presence of other legal proceedings of Oliphant and her brother. I did not rely on

that information in reaching my ruling regarding either the New Haven nor the Hamden defendants and thus, the motions to dismiss were not treated as motions for summary judgment. Moreover, as Oliphant herself admits, the defendants presented no evidence to contradict Oliphant's complaint. (doc. # 102, at 1 n.1.) I ruled on the motion to dismiss solely on the basis of the assertions Oliphant made in her complaint and the oral assertions she made on the record at the hearing.

Oliphant complains that her motion to "supplement" her complaint was denied before she was heard. First, as I have previously explained to Oliphant, complaints in federal court are not "supplemented"; they are amended and re-filed as a single, complete document. Oliphant claims that she was not fully heard at the August 24, 2009 hearing. At that hearing, I took up, as scheduled and as Oliphant was aware, the pending motions to dismiss. But before turning to the motions to dismiss, I engaged in an extended colloquy with Oliphant regarding: (1) the proposed new complaint, (2) what defendants and claims she hoped to add, and (3) what conduct by those defendants she would allege. It was clear from that colloquy that Oliphant sought to include persons whose actions were directed, not at her, but at her neighbors and at her brother. She planned to include few specific allegations and alleged generalizations instead. For example, although she alleged the defendants "were terrorizing the neighborhood," she could only identify two officers, Villano and Sheppard, who physically set foot on her property. Oliphant may have a very strong claim against these two officers for this specific alleged act; what she refuses to recognize is that she cannot bring claims for acts not directed at her or her property,[3] for acts

---

[3] Oliphant often uses the phrase "at plaintiff's property" to describe the many named defendants. But merely standing in the parking lot of her property or being outside the door of a home she owns does not mean the officers' actions were directed at Oliphant. The most

directed instead at her brother, and for conclusory allegations of harassment and intimidation of others.

After reviewing Oliphant's allegations and engaging in an extended colloquy, I determined that Oliphant's uncontested allegations were legally insufficient to support certain legal, constitutional claims; I therefore dismissed those claims.  At no time did Oliphant articulate any particular act by any member of the New Haven police department.  For that reason alone, claims against those defendants were all dismissed. The New Haven defendants cannot be held accountable for the actions of others, unless they had a duty to act, which the allegations do not support.  Likewise, Oliphant did not allege any particular act by any officers except Officers Villano and Sheppard.  The Hamden defendants, recognizing the allegations against Villano, did not move to dismiss the claims against him.  During the colloquy, Oliphant made specific allegations against Sheppard.  For that reason, he was not dismissed as a defendant.  All other claims were dismissed.  The additional evidence that Oliphant has proffered, namely, that phone calls were made regarding the address on Cherry Ann Street, does not change or influence my decision.  I find no surprise, neglect, fraud, misconduct, or any other reason to justify relieving Oliphant of the order dismissing claims against all defendants except Villano and Sheppard and the order dismissing her motion to "supplement" her complaint.

Nevertheless, at the close of the hearing, I granted Oliphant leave to file a third amended complaint within twenty-one days of the hearing.  It was for that reason that Oliphant's motion to supplement her complaint was denied "as moot."  Oliphant did file a third amended complaint,

---

powerful allegation Oliphant makes is that particular defendants set foot into space she owned, over which she had control.  She makes that allegation against Villano and Sheppard; the claims against those defendants stand.

on September 17, 2009. Oliphant suffered no prejudice in having her motion denied as moot because the relief sought was granted. True, the court directed her to limit her amended complaint, but that was based on the colloquy at the hearing in which it was abundantly clear that Oliphant could allege no conduct actionable as a federal claim by any defendants except Villano and Sheppard.[4] A court may deny a motion to amend a complaint if the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

For the foregoing reasons, Oliphant's motion (**doc. # 102**) for relief under Rule 60(b) is **DENIED**.

**IV.    Doc. # 107**

The motion for relief from the scheduling order (doc. # 107) alleged that the defendants have obstructed discovery and, on that basis, asks that Oliphant should not be bound by the current scheduling order. (Pl. Mot. For Relief of the Court's Scheduling Ord. Entered Oct. 28, 2009, doc. # 107, at 1.) Oliphant alleges that the scheduling order was entered without prior notice to her, as she was attempting to arrange a 26(f) meeting with the defendants, and that she has not yet received notice of it. (*Id.* at 1-2.) Oliphant broadly alleges that the court has ordered production of various discovery materials by the defendants, with which the defendants have failed to comply. (*Id.* at 2-3.) Oliphant appears to be concerned that, under the October 29, 2009 scheduling order, she will be required to enter an amended complaint prior to the completion of discovery. (*Id.* at 2 ¶ 1(e).) Oliphant construes the Scheduling order as "reliev[ing] defendants of their accountability for discovery." (*Id.* at 1-2) Oliphant asks the court to order the defendants

---

[4] At present, Oliphant can point to no evidence of a policy or practice by any institutional defendants or supervisors. When and if she does produce such evidence, she can seek leave to amend her complaint to include such a claim.

to a 26(f) meeting, to "stop attempting to obstruct discovery," to stop "multiplying the proceedings," and to sanction the defendants.  (*Id.*)

As indicated above, I have determined that the defendants have complied with the discovery orders.  Thus, the Scheduling Order did not relieve them of their obligation, nor have they engaged in sanctionable conduct.

Oliphant's concern regarding the timing of her amended complaint is misplaced.  Plaintiffs are nearly always required to submit amended complaints prior to the close of discovery.  Nevertheless, because of this delay in discovery, a new scheduling order will enter.  Oliphant's motion (**doc. # 107**) is therefore **DENIED** as moot.

V.      **Conclusion**

The fault for delay in the progress of this case rests with both parties.  By accident or misunderstanding, the defendants have only recently complied with Oliphant's discovery motions.  Still, Oliphant has filed numerous duplicative motions seeking the same relief and reiterating her lack of trust in the defendants, which have required time and attention of the defendants.  I expect this case to proceed more smoothly in the future, with prompt responses to discovery by the defendants and with Oliphant exercising discretion and restraint in her motions practice.

For the reasons given and because Oliphant has received the relief she requested, her motions (**docs. ## 99, 102, 104, 107**) are **DENIED**.

Oliphant is hereby **ORDERED** to submit an amended complaint identifying only Officers Villano and Sheppard as named defendants.  After that complaint is filed, the parties will have twenty days within which to hold a Rule 26(f) meeting and to file their joint Rule 26(f) report.

It is so ordered.

Dated at Bridgeport, Connecticut, this 8th day of March 2010.

                                                /s/ Stefan R.  Underhill
                                               Stefan R. Underhill
                                               United States District Judge